IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BNSF RAILWAY COMPANY and UNION PACIFIC RAILROAD COMPANY,<br><br>            Plaintiffs,<br><br>      v.<br><br>STATE OF CALIFORNIA, CALIFORNIA DEPARTMENT OF TRANSPORTAION,<br><br>            Defendant.<br>_____/ | No. 2:08-CV-02225-LKK-KJM<br><br>   <u>RELATED CASE ORDER</u> |
| THE REDEVELOPMENT AGENCY OF THE CITY OF STOCKTON, a public body, corporate and politic,<br><br>            Plaintiff,<br><br>      v.<br><br>BURLINGTON NORTHERN AND SANTA FE RAILWAY CORPORATION, UNION PACIFIC RAILROAD COMPANY, AND DOES 1 THROUGH 100,<br><br>            Defendants.<br>_____/ | No. 2:05-CV-02087-JAM-JFM |

The matter is before the Court on defendants BNSF Railway Company and Union Pacific Railroad Company's (collectively "the Railroads") notice of related cases pursuant to Local Rule 83-123.  The Railroads state in their notice of related cases that they initiated an action against the State of California ("State") involving similar questions of fact and law as the instant action initiated against them by The Redevelopment Agency of the City of Stockton ("RAS"), and that these cases should be consolidated for judicial economy.  The Railroads state that in this case ("RAS Case") the RAS alleges that it discovered petroleum contamination along the path of an underground, perforated drainage pipe running through their properties in the City of Stockton.  The RAS subsequently initiated an action against the Railroads seeking to recover costs associated with investigating and remediating the alleged contamination.  On September 18, 2008, following a Memorandum of Opinion and Order issued by this Court in the RAS Case on the parties' cross-motions for summary judgment, the Railroads initiated an action against the State seeking to recover some or all of its past and future costs and damages incurred in the RAS Case ("Indemnity Case").  The Railroads state that they initiated the Indemnity Case against the State based on this Court's determination that "the State . . . played a causal role in the contamination of [Plaintiff's] [p]roperty."  According to

the Railroads, since both cases involve the same facts and legal principles, assignment of these cases to a single judge is appropriate.

After examining the above-entitled cases, the Court concludes that these cases are related within the meaning of Local Rule 83-123.  Accordingly, the assignment of the matters to the same judge is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the parties.

IT IS THEREFORE ORDERED that the case denominated No. 2:08-CV-02225-LKK-KJM be reassigned to Judge John A. Mendez for all further proceedings, and any dates currently set in this reassigned case are hereby VACATED.  Henceforth, the caption on documents filed in the reassigned case shall be shown as No. 2:08-CV-02225-JAM-JFM.

IT IS FURTHER ORDERED that the Clerk of the Court make the appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

IT IS SO ORDERED.

DATED: September 24, 2008

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE